# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAUL MARQUEZ, | ) | |
| | ) | |
| Petitioner | ) | Civil Action No. 11-1116 |
| | ) | |
| vs. | ) | |
| | ) | Judge Joy Flowers Conti/ |
| COMMONWEALTH OF PA. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus (the "Petition") filed pursuant to 28 U.S.C. § 2254 be dismissed prior to being served because it fails to raise a claim that is cognizable by way of a habeas petition.

**II.    REPORT**

Raul Marquez, ("Petitioner") is currently incarcerated in the State Correctional Institution at Greene ("SCI-Greene"), which is located in Waynesburg, Pennsylvania, Greene County, and within the territorial boundaries of the United States District Court for the Western District of Pennsylvania. 28 U.S.C. § 118(c). He has submitted the Petition for filing pursuant to 28 U.S.C. § 2254. He initially filed the Petition in the United States District Court for the Middle District of Pennsylvania. The Middle District Court transferred the Petition to this Court because Petitioner was housed at SCI-Greene at the time of filing. ECF No. [5].

In the Petition, Petitioner complains about a conviction that arose out of the Berks County

Court of Common Pleas, which is located within the territorial boundaries of the United States District Court for the Eastern District of Pennsylvania. ECF No. [1] at 1, ¶ 1(b) (referencing criminal docket number CP-06-CR-0004554-2006).[1] More specifically, Petitioner complains that, following the disposition of his state appeals that the Court of Common Pleas of Berks County failed to appoint counsel for him in order to file a petition for writ of certiorari with the United States Supreme Court. Because a claim concerning post-conviction proceedings in state court is simply not cognizable in a Section 2254 petition, the Court recommends pre-service dismissal of the Petition.

### A. RULE 4

The Petition has not been served yet but pursuant to Rule 4 of the Rules Governing Section 2254 cases, this Court may dismiss the Petition if it plainly appears on its face that Petitioner is not entitled to relief. The Court concludes that it plainly appears from the face of the Petition that Petitioner's claims are not cognizable by means of a habeas petition.

Rule 4 provides in relevant part that:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration, may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing

---

[1] The Court takes judicial notice of the criminal court docket of the Court of Common Pleas of Berks County in Petitioner's criminal case, which is available at: http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-06-CR-0004554-20060 (last visited 10/4/2011).

records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering court records, dockets and/or opinions, a federal habeas court may take judicial notice of those court records, dockets and/or court opinions as well as its own court records. See, e.g., Barber v. Cockrell, No. 4:01-CV-0930-A, 2002 WL 63079, at *1 n.4 (N.D. Tex. Jan. 8, 2002) (in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998).

Accordingly, in considering this Petition, this Court takes judicial notice of the dockets and filings in the Court of Common Pleas of Berks County. Those records reveal that on or about October 27, 2008, the Pennsylvania Superior Court affirmed Petitioner's conviction and sentence. Thereafter, Petitioner commenced Post Conviction Relief Act ("PCRA") proceedings on or about March 30, 2009 with the filing of a *pro se* PCRA petition. On or about February 9, 2011, the Pennsylvania Supreme Court denied Petitioner allocatur in the PCRA proceedings. Thereafter, Petitioner filed a *pro se* application for appointment of counsel in the Berks County Court of Common Pleas, on or about April 11, 2011. A month later, he filed a second application for appointment of counsel on or about May 9, 2011.

### B. DISCUSSION

In the Petition at issue, the sole claim alleged is that the "Petitioner filed a petition for appointment of counsel to represent him in the filing of a petition for writ of certiorari, to the Court of Common Pleas of Berks County. . . . The Court of Common Pleas of Berks County, never responded to the Petitioner's petition for appointment of counsel." ECF No. [1] at 1, ¶¶ 9 to 10.

On the face of the Petition, it is clear that Petitioner's only complaint is that the Berks County Court of Common Pleas committed an error in the course of PCRA proceedings by failing to appoint Petitioner counsel for the filing of a petition for writ of certiorari.

Federal courts have held that a claim concerning state post-conviction proceedings is simply not cognizable as a claim in federal habeas proceedings filed by a state convict. Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998)("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation. . . . Federal habeas power is 'limited ... to a determination of whether there has been an improper detention by virtue of the state court judgment.'"); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir.); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotation marks omitted); Roe v. Baker, 316 F.3d 557, 571 (6th Cir. 2002) ("relief may not be granted to a habeas petitioner for alleged deficiencies in a state's post-conviction procedure"); Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); Hopkinson v. Shillinger, 866 F.2d 1185, 1219-20 (10th Cir. 1989), on reh'g, 888 F.2d 1286 (1989), overruling on other grounds recognized by Davis v. Maynard, 911 F.2d 415, 417 (10th Cir. 1990); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987). Contra Dickerson v. Walsh, 750 F.2d 150, 153 (1st Cir. 1984).[2]

---

[2] By way of relief, Petitioner seeks to stay and abey the Petition. There is no reason to do so

## III. CONCLUSION

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until November 21, 2011 to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. <u>Brightwell v. Lehman</u>, 637 F.3d187, 193 n.7 (3d Cir. 2011).

s/ Maureen P. Kelly<br>
Maureen P. Kelly<br>
U.S. Magistrate Judge

Dated: November 3, 2011

cc: The Honorable Joy Flowers Conti
United States District Judge

RAUL MARQUEZ
HN3283
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370

---

given that the Petition raises no claim cognizable in habeas. Moreover, given that his conviction arose out of Berks County, Petitioner should file any future habeas petition in the United States District Court for the Eastern District of Pennsylvania.